IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BASIL CORNWALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:21-cv-00665-SMD |
| ) | |
| KILOLO KIJAKAZI, ) | |
| *Acting Commissioner of Social Security,* ) | |
| ) | |
| Defendant. ) | |

## **OPINION & ORDER**

On August 17, 2020, Basil Cornwall ("Mr. Cornwall") filed for a period of disability and disability insurance benefits ("DIB") alleging disability beginning September 11, 2013. Mr. Cornwall's application was denied at the initial administrative level. Mr. Cornwall then requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ conducted a telephonic hearing[1] on May 24, 2021, and later issued an opinion and decision finding that Mr. Cornwall was not disabled. The ALJ's decision became the final decision of the Commissioner of the Social Security Administration (the "Commissioner") after the Social Security Appeals Council ("Appeals Council") denied review. *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

---

[1] The extraordinary circumstance presented by the Coronavirus Disease 2019 (COVID-19) Pandemic allowed the ALJ to conduct a telephonic, rather than in-person, hearing. All parties to this proceeding appeared by telephone and each party expressed its agreement to appear telephonically.

Mr. Cornwall now appeals the Commissioner's decision pursuant to 42 U.S.C. § 405(g). For the reasons which follow, the Commissioner's decision is REVERSED and REMANDED for further proceedings.[2]

## I.   STATUTORY FRAMEWORK

The Social Security Act establishes the framework for determining who is eligible to receive Social Security benefits. *See Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). Applying this framework, an ALJ employees a five-step process to make the benefits eligibility determination:

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or medically equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

20 C.F.R. § 404.1520(a); 20 C.F.R. § 416.920(a)(4). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of not disabled." *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

---

[2] Under 28 U.S.C. § 636(c), the parties have consented to the undersigned Chief United States Magistrate Judge conducting all proceedings and entering final judgment in this appeal. Pl.'s Consent (Doc. 5); Def.'s Consent (Doc. 6).

[3] *McDaniel* is a Supplemental Security Income ("SSI") case. SSI cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g., Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 875 n.* (11th Cir. 2012) (per curiam) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

A claimant bears the burden of proof through step four. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996). The burden shifts to the Commissioner at step five. *Id.*

To perform the fourth and fifth steps, the ALJ must first determine the claimant's Residual Functional Capacity ("RFC"). *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004). A claimant's RFC is what the claimant can still do – despite his impairments – based on the relevant evidence within the record. *Id.* The RFC may contain both exertional and non-exertional limitations. *Id.* At 1243-43. Considering the claimant's RFC, the ALJ determines, at step four, whether the claimant can return to past relevant work. *Id.* at 1238. If a claimant cannot return to past work, the ALJ considers, at step five, the claimant's RFC, age, education, and work experience to determine if there are a significant number of jobs available in the national economy the claimant can perform. *Id.* at 1239. To determine if a claimant can adjust to other work, the ALJ may rely on (1) the Medical Vocational Guidelines ("Grids")[4] or (2) the testimony of a vocational expert ("VE").[5] *Id.* at 1239-40.

## II.     STANDARD OF REVIEW

A federal court's review of the Commissioner's decision is limited. A court will affirm the Commissioner's decision if the factual findings are supported by substantial

---

[4] Grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. *See* C.F.R. pt. 404 subpt. P, app. 2. Each factor can independently limit the number of jobs realistically available to an individual. *Philips,* 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

[5] A vocational expert is an "expert on the kinds of jobs an individual can perform based on his or her capacity and impairments" *Phillips,* 357 F.3d at 1240.

3

evidence and the correct legal standards were applied. *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)). A court may reverse the Commissioner's final decision when it is not supported by substantial evidence or the proper legal standards were not applied in the administrative proceedings. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). Further, reviewing courts are required to give deference to factual findings but with closer scrutiny of questions of law. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

"Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court must, despite the limited nature of review, scrutinize the record in its entirety and take account of evidence that detracts from the evidence relied on by the ALJ. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987); *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986). However, a court may not decide the facts anew or substitute its judgment for that of the Commissioner. *Cornelius*, 936 F.2d at 1145.

### III.   ADMINISTRATIVE PROCEEDINGS

Mr. Cornwall was forty-two years old on his alleged onset date. R. 74. He has past relevant work experience as a communications officer in the United States Army. R. 257-58. In the administrative proceedings before the Commissioner, the ALJ made the following findings with respect to the five-step evaluation process for Mr. Cornwall's disability determination. At step one, the ALJ found Mr. Cornwall had not engaged in substantial gainful activity since his alleged onset date. Tr. 17. At step two, the ALJ found

that Mr. Cornwall suffered from the following severe impairments: idiopathic osteoarthritis; depression; post-traumatic stress disorder; and adjustment disorder. Tr. 27. At step three, the ALJ found that Mr. Cornwall did not have an impairment or combination of impairments that met or medically equaled the severity of the listed impairments. Tr. 20.

The ALJ proceeded to determine Mr. Cornwall's RFC as follows:

> [T]hrough his date last insured, [Mr. Cornwall] had the residual functional capacity to perform light work … that was limited to: lifting and/or carrying up to 20 pounds occasionally, and up to 10 pounds frequently; standing and/or walking for up to or about six hours, and sitting for up to or about six hours in eight-hour workdays with normal breaks; and occasional climbing, balancing, stooping, kneeling, crouching, crawling. Mentally, he could maintain concentration, persistence, and pace for three step tasks; could have occasional contact with the general public, coworkers, and supervisions; and could adapt to occasional workplace changes.

Tr. 21. At step four, the ALJ found that Mr. Cornwall was unable to perform any past relevant work. Tr. 26. At step five, the ALJ utilized the testimony of a VE and determined that considering Mr. Cornwall's age, education, work experience, and residual functional capacity, there were jobs existing in significant numbers in the national economy that he could perform. Tr. 26-27. These jobs included "electronics worker," "electrical assembler," and "bench assembler." Tr. 27. Accordingly, the ALJ concluded that Mr. Cornwall had not been under a disability from his alleged onset date through his date last insured. Tr. 27.

## IV.   MR. CORNWALL'S ARGUMENTS

Mr. Cornwall argues that the Commissioner's decision should be reversed for two reasons. First, Mr. Cornwall contends that the Appeals Council erred by failing to consider new and material evidence submitted after the ALJ's decision denying benefits. Pl.'s Br. (Doc. 12) pp. 7-12. Second, Mr. Cornwall argues that the ALJ's RFC determination is not

5

supported by substantial evidence because the ALJ failed to properly evaluate and account for the medical opinions of Dr. Storjohann and Mr. Brooks. *Id.* at 12-15. As explained below, the undersigned finds that the case is due to be remanded for further proceedings based on the first issue. And because remand is warranted on the first issue, the undersigned declines to address the second.

## V.  ANALYSIS

Mr. Cornwall argues that the Commissioner's decision must be reversed and remanded for consideration of new and material evidence. This court may remand pursuant to sentence six of 42 U.S.C. § 405(g) "when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). Remand is permitted "when evidence not presented to the Commissioner at any stage of the administrative process requires further review." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir. 2007). Remand for consideration of new evidence is appropriate if the plaintiff establishes that "(1) there is new noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result[;] and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 875 (11th Cir. 1986).

One week prior to the telephonic hearing before the ALJ, Mr. Cornwall's counsel informed the ALJ, in writing, that Mr. Cornwall had requested, but not yet received, medical records from the Department of Veterans Affairs (the "VA"), the Columbus Veterans Center, and four other sources. R. 407. The letter advised the ALJ that the records had been "actively and diligently sought and will be submitted as soon as" received. *Id.* The ALJ conducted the hearing without the records and acknowledged receipt of Mr. Cornwall's pre-hearing notice in his opinion. Tr. 15 ("The claimant submitted or informed the ALJ about all written evidence at least five business days before the date of the claimant's scheduled hearing."). Two weeks after the hearing, the ALJ issued his opinion determining that Mr. Cornwall was not disabled.

More than three months after the ALJ's decision, the VA responded to Mr. Cornwall's request for medical records. Mr. Cornwall received more than three hundred and sixty pages of medical records pertaining to medical treatment received from the VA beginning in 2013. By the time these medical records were received, the Appeals Council had already denied review. Tr. 1-3; Tr. 15-27.

**A. Mr. Cornwall's Evidence is New and Non-Cumulative**

Mr. Cornwall argues—and the Commissioner does not dispute—that the VA medical records constitute new evidence because they were "not contained in the administrative record." Pl.'s Br. (Doc. 12) at 8; Def.'s Br. (Doc. 13) at 4-11. Therefore, the undersigned finds that Mr. Cornwall has identified new medical evidence that was not considered by the ALJ nor by the Appeals Council.

But while conceding that the VA records are new, the Commissioner argues that the records are also cumulative or duplicative of records already before the ALJ. *Id.* at 6-7. Specifically, the Commissioner asserts that the VA evidence is "cumulative of the VA disability rating in the record before the ALJ." *Id.* Mr. Cornwall acknowledges that the ALJ considered the VA disability ratings, Pl.'s Br. (Doc. 12) at 2 n. 1, but contends that the evidence contains medical records utilized by the VA in making its disability rating that were not considered by the ALJ, Pl.'s Reply (Doc.17) at 3. Mr. Cornwall argues these medical records are not cumulative because the ALJ is required to assess the underlying medical records supporting the VA's disability rating—not the VA's disability rating itself. *Id.*

This Court is persuaded by Mr. Cornwall's argument. Mr. Cornwall has identified medical records contained in the new evidence that were not duplicative of records already contained in the administrative record before the ALJ. Pl.'s Br. (Doc. 12) at 3-6; Pl.'s Reply (Doc. 17) at 2-3. As such, the undersigned finds that the VA evidence is both new and non-cumulative.

### B. Mr. Cornwall's Evidence is Material

Mr. Cornwall argues that the VA evidence is material because it is related to his medical condition existing during the time period relating to his claim. Pl.'s Br. (Doc. 12) at 8-11. The ALJ acknowledged the materiality of medical treatments received from the VA by referencing some of the records pertaining to treatments received from "caregivers at Veterans Affairs Medical Centers." Tr. At 23. But, of course, the ALJ's reference

8

pertains only to those medical records available to the ALJ at the time of the hearing. The ALJ did not consider the VA medical evidence received several months after the hearing.

Mr. Cornwall argues that the new VA evidence refutes the ALJ's factual findings pertaining to disability. Pl.'s Br. (Doc. 12) at 9. Mr. Cornwall contends that these medical records "provide evidentiary support for the existence and severity of [his] multi-joint degenerative joint disease prior to his [date last insured], directly refuting the ALJ's finding his multi-joint degenerative joint disease was 'diagnosed after the [date last insured]' and 'does not establish them as medically determinable and/or severe during the period in question.'" *Id*. at 10. In short, Mr. Cornwall argues that the ALJ denied his claim because the medical evidence available to the ALJ largely post-dated his date last insured. This determination, Mr. Cornwall argues, is refuted by the VA medical evidence that the ALJ did not consider.

The Commissioner acknowledges that the VA medical records "may provide the ALJ with some scanty information regarding Plaintiff's pre-[date last insured] conditions." Def.'s Br. (Doc 13) at 8. But, the Commissioner argues, this medical evidence is of "limited relevance" because it relates to a diagnosis received before Mr. Cornwall's alleged onset date. *Id.*

The Commissioner's acknowledgement of the "limited relevance" of the new evidence is significant. New evidence is "material" if "there is a reasonable possibility that [it] would change the administrative outcome." *Timmons v. Comm'r of Soc. Sec.*, 522 F.App'x 897, 902-03 (11th Cir. 2013). The standard for remand does not require the claimant to demonstrate that the new evidence will probably affect the outcome of the

9

administrative process. Instead, remand is appropriate where it is possible that the new evidence would have changed the outcome. By acknowledging that the new evidence is of "limited relevance" the Commissioner concedes that there is a possibility that the evidence could change the outcome of the administrative proceeding. As such, the undersigned concludes that the new evidence is material.

### C.  There is Good Cause for Mr. Cornwall's Failure to Submit the VA Evidence

"To obtain a remand under the sixth sentence, the claimant must show that the evidence is new and material and that he had good cause for failing to submit the evidence at the agency level. The good cause requirement is satisfied when the evidence did not exist at the time of the administrative proceedings. If, however, the claimant could have obtained the evidence sooner, good cause is not shown." *Arnold v. Soc. Sec. Admin., Comm'r*, 724 F. App'x 772, 781-82 (11th Cir. 2018) (citations omitted). The "good cause" requirement prevents bad faith and dilatory tactics intended to manipulate the administrative process. *See Lipscomb v Soc. Sec. Admin., Comm'r*, 199 F. App'x 903, 907 (11th Cir. 2006) (noting that the good cause requirement is satisfied if the new evidence did not exist at the time of the administrative hearing and there was no evidence of bad faith or dilatory motive in presenting the new evidence for review after administrative determination).

The Commissioner argues that Mr. Cornwall has failed to satisfy the good cause requirement because his medical records existed at the time of the hearing, and he offered no reason why he was unable to submit the evidence prior to the hearing. Def.'s Br. (Doc. 13) at 5. The Commissioner argues that Mr. Cornwall "does not explain the steps he or his attorney took to follow up with the VA when the records were not received before the ALJ

hearing. Nor is there any indication in the record that [Mr. Cornwall] or his attorney alerted the ALJ that there were outstanding records that the VA had failed to timely produce." *Id*. But importantly the Commissioner does not assert that Mr. Cornwall, or his attorneys, acted in bad faith, or attempted to manipulate the administrative process by utilizing dilatory or other improper tactics.

In reply, Mr. Cornwall offers an explanation of the steps he took to alert the ALJ to the missing relevant medical evidence. One week prior to the hearing, Mr. Cornwall's attorney informed the ALJ, in writing, of the requested medical evidence and notified the ALJ that the evidence had not been received. Pl.'s Reply (Doc. 17) at 1-2; Tr. at 407. The ALJ referenced this "pre-hearing memo or statement" at the hearing. Tr. at 36. Additionally, the ALJ acknowledged the requested, but missing, evidence in his opinion. Tr. at 15 ("The claimant submitted or informed the [ALJ] about all written evidence at least five business days before the date of [Mr. Cornwall's] scheduled hearing"). By notifying the ALJ that the evidence was missing, Mr. Cornwall has shown that he did not attempt to manipulate the administrative process by hiding the missing evidence from the ALJ. And because there is nothing else to indicate that Mr. Cornwall has shown bad faith or dilatory tactics, the undersigned finds that the good cause requirement is satisfied.

## VI. CONCLUSION

Mr. Cornwall has identified new noncumulative and material evidence and has offered good cause for his inability to present that evidence at the hearing before the ALJ. Accordingly, the decision is REVERSED and REMANDED for further proceedings. A separate judgment will issue.

Further, it is

ORDERED that the Motion to Expedite (Doc. 18) is DENIED as MOOT.

DONE this 17th day of February, 2023.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE